UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE: Casey Jack Ray Osborn II        )        Case No.  15-14405
      Vicki Lynn Osborn                )
                                              )
              Debtor                    )        Chapter 7

## DEBTOR'S OBJECTION TO MOTION FOR RELIEF FROM STAY OF MIDFIRST BANK COMBINED WITH BRIEF IN SUPPORT THEREOF AND NOTICE OF HEARING

      The Debtors objects to the Motion for Relief from Stay (the "Motion") filed by Midfirst Bank ("Bank").  In support of their objection, Debtors would state as follows:

1.  This bankruptcy was commenced by the filing of a voluntary Chapter 7 Petition in Bankruptcy on November 13, 2015.

2.  The Bank filed its Motion to Modify Stay on December 1, 2015, seeking to complete a foreclosure of the Debtors' residence, which has been listed in the schedules as exempt.  At the time this Objection is being prepared, the first meeting of creditors has not occurred.

3.  After the Petition was filed in this case, The Bank sent a packet of forms to counsel for the Debtors.  The forms included an Application for Assistance and a Hardship Affidavit.  The Debtors completed these items and they have been mailed to the Bank for consideration, along with the requested supporting

documentation.  The Bank has also submitted a proposed reaffirmation agreement to the Debtors.

4.  The automatic stay under 11 U.S.C. §362 serves to permit the debtors an opportunity to marshal their affairs and provide for an orderly resolution of claims. The stay may be modified for cause, though the term "cause" is not defined. Whether cause exists to modify the stay is left to be determined on a case by case basis.  <u>Pursifull v. Eakin</u>, 814 F.2d 1501 (10th Cir. 1987). This case was filed on the eve of a foreclosure sale, and the Bank has submitted documents which the Debtors have completed to have a loan modification considered.  Permitting the Debtor an opportunity to avail themselves of the opportunity to stay in their home and pay the Bank will only be accomplished if the stay remains in place at this time.  The Bank should also take the time necessary to determine whether the Debtors qualify for assistance.

WHEREFORE, premises considered, the Debtors respectfully request that this Court deny the Motion filed by Midfirst Bank, and that the Debtors have such other relief as may be just and proper.

## **NOTICE OF HEARING**

The Court will consider the Motion to Modify Stay filed by Midfirst Bank on December 1, 2015, together with the Debtors' objection thereto, at 9:30 a.m. on the 30th day of December, 2015 in the 9th Floor Courtroom, 215 Dean A. McGee Avenue, Oklahoma City, Oklahoma.

Respectfully Submitted,


      s/ Paul G. Summars
Paul G. Summars (OBA # 8762)
8215 South Walker
Oklahoma City, OK  73139
(405) 631-1021
(405) 616-2488 fax
psummars@summarslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this filing date a copy of the attached and forgoing document was forwarded through the ECF filing system to Mr. Lyle Nelson and the Office of the United States Trustee, and via U.S. Mail, first class postage prepaid and properly addressed to the following addresses that are not being served through the CM/ECF system:

| | |
|---|---|
| Mr. Jim Timberlake | Baer, Timberlake |
| Baer Timberlake, P.C. | Attorneys at Law |
| 4200 Perimeter Center, Suite 100 | P. O. Box 18486 |
| Oklahoma City, OK  73102 | Oklahoma City Ok 73154 |


      s/ Paul G. Summars
      Paul G. Summars